"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAMELA KELLY,                                )   Case No. CV 06-02671 AN
                                             )
         Plaintiff,                          )   ORDER REMANDNG DECISION
                                             )   OF COMMISSIONER
    v.                                       )
                                             )
MICHAEL J. ASTRUE,                           )
COMMISSIONER OF THE SOCIAL                   )
SECURITY ADMINISTRATION,                     )
                                             )
         Defendant.                          )
_____)

The Court  now rules as follows with respect to the three disputed issues in the Joint Stipulation ("JS").[1]

By way of the first issue, Plaintiff generally contends a reversal is warranted because the Administrative Law Judge ("ALJ") finding that Plaintiff's shoulder impairments only limited her from overhead reaching conflicts with the opinion expressed by Dr. Conaty, an  examining orthopedic surgeon, who found, among other things, that Plaintiff's shoulder impairments limited her from "reaching in all directions, particularly at or above shoulder level[.]"  [JS at 5:3-14; AR at 293.]   Plaintiff further

---

[1]   Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS.  The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

1  argues the ALJ did not give specific and legitimate reasons for rejecting Dr. Conaty's

2  aforementioned opinion, which was also consistent with the March 8, 2004 opinion

3  expressed by Dr. Danzig, another examining physician, who opined that, absent surgery,

4  Plaintiff's left shoulder pain would preclude her from repetitive work at or above

5  shoulder level.  [JS at 7:4-17.]

6      A person with an overhead reaching impairment is not as impaired as someone

7  whose is unable to reach in all directions, particularly at or above the shoulder level.

8  Consequently, the ALJ's finding that Plaintiff's shoulder impairments only restricted her

9  from overhead reaching conflicts with Dr. Conaty's more restrictive opinion.  The ALJ's

10  decision reflects that she considered some, but not all, of Dr. Conaty's opinion, but never

11  gave a specific and legitimate reason for rejecting Dr. Conaty's aforementioned opinion.

12  To the contrary, the ALJ's decision reflects that she erroneously found Dr. Conaty's

13  opinion supported her residual functional capacity assessment that Plaintiff is only

14  limited to overhead reaching.  [AR at 25.]  Accordingly, in addition to failing to give a

15  specific and legitimate reason for rejecting Dr. Conaty's opinion, the ALJ's conclusion

16  that Dr. Conaty's opinion supports her finding is not supported by substantial evidence

17  in the record.

18      The ALJ's failure to give a proper reason for rejecting Dr. Conaty's opinion about

19  Plaintiff's reaching impairment also invalidates her finding that Plaintiff could perform

20  the three jobs identified by the vocational expert because the ALJ's hypothetical question

21  did not account for Plaintiff's full reaching limitations.

22      Based upon the foregoing, the Court finds no reason to discuss the second and third

23  disputed issues.

24      The only remaining issue is whether to remand for further proceedings pursuant

25  to Sentence Four of 42 U.S.C. § 405(g) or the full payment of benefits.  The Court finds

26  a Sentence Four remand is more appropriate because it remains to be seen whether the

27  ALJ can provides specific and legitimate reasons for finding Plaintiff's shoulder

28  impairments only restrict her from overhead reaching.   Further, even if Plaintiff's

1   reaching impairments are as severe as Dr. Conaty opined, it is also unclear whether or not

2   there are still significant jobs in national economy for Plaintiff to perform.  This issue

3   must be resolved by posing a proper hypothetical to the vocational expert.

4         IT  IS  THEREFORE  ORDERED  that  judgment  be  entered  reversing  the

5   Commissioner's final decision, and remanding this action to the ALJ for further

6   proceedings not inconsistent with this Order pursuant to Sentence Four of 42 U.S.C.

7   §405(g).

8

9

10   DATED: September 5, 2007          ARTHUR NAKAZATO
                                       _____
11                                     ARTHUR NAKAZATO
                                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28